No. 17-40199

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAQUAYLAN PATTERSON,

Defendant-Appellant

_____

CONS W/ 17-40202

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAQUAYLAN WESLEY PATTERSON,

Defendant-Appellant

**BRIEF FOR THE APPELLANT**
[FILED PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1968)]

Appeal From the United States District Court
For the Eastern District of Texas,
Tyler Division, cause numbers 6:15-cr-00040 and 6:16-cr-00041

**JAMES W. VOLBERDING**
SBN:  00786313
110 N. College Avenue          (903) 597-6622
Suite 1850                            (866) 398-6883 (Fax)
Tyler, TX  75702                    CJA Appointed Counsel for Appellant, Mr. Patterson
*e-mail: jamesvolberding@gmail.com*

## **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record for Appellant, LaQuaylan Patterson, certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

<u>APPELLANT</u>

Mr. LaQuaylan Patterson, Appellant

Mr. James W. Volberding, Appointed Attorney for appeal
110 N. College Avenue, Suite 1850
Tyler, TX 75702
(903) 597-6622

Mr. Michael P. Levine, Attorney for trial
Mr. Omar Nawaz, Attorney for trial
325 N. St. Paul Street, Suite 2100
Dallas, TX 75201

Mr. James W. Huggler, Jr. Attorney for trial
100 E. Ferguson Street, Suite 805
Tyler, TX 75702

<u>APPELLEE</u>

Mr. James M. Noble, IV, Asst. U.S. Attorney
U.S. Attorney's Office
110 N. College Avenue, Suite 700
Tyler, TX 75702

<u>CO-DEFENDANT</u>

Ms. Chanel Collins

*/s/ James W. Volberding*
_____
JAMES W. VOLBERDING

## STATEMENT CONCERNING ORAL ARGUMENT

The Appellant does not request oral argument. The issue in this appeal is adequately presented with sufficient argument and authorities to permit the Court to render a decision.

# TABLE OF CONTENTS

Certificate of Interested Parties ................................................................ ii

Statement Concerning Oral Argument ...................................................... iii

Table of Authorities .................................................................................. v

Statement of Jurisdiction ......................................................................... 1

Statement of the Issue .............................................................................. 1

Statement of the Case .............................................................................. 2
  A.  Course of Proceedings and Disposition in the Court Below .......... 2
  B.  Statement of Facts ......................................................................... 4

Summary of Argument .............................................................................. 5

Argument .................................................................................................. 6

     Issue:  Should this Appeal Be Dismissed for Lack of Meritorious Issues
     Pursuant to *Anders v. California*? .................................................. 6

        Standard of Review .................................................................. 6

        1.   Pre-Indictment/Grand Jury Proceedings ............................ 7
        2.   Sufficiency of Indictment / Information ............................ 7
        3.   Pretrial Motions ................................................................ 8
        4.   Preparation Time ............................................................... 9
        5.   Voluntariness .................................................................... 10
        6.   Competency, Understanding the Charged Crime ............... 11
        7.   The Plea Agreement .......................................................... 12
        8.   Sufficiency of the Evidence .............................................. 15
        9.   Review of the PSR and Criminal History Calculations ..... 16
        10.  Rights at Hearing; Allocution and Right to Appeal .......... 18
        11.  Competency of Trial Counsel ........................................... 19
        12.  Constitutional Issues ........................................................ 22
        13.  Disproportionate Sentencing ............................................ 22

Conclusion ............................................................................................... 23

Certificate of Service ............................................................................... 24

Certificate of Compliance ........................................................................ 25

iv

# TABLE OF AUTHORITIES

***Cases****:*

*Anders v. California,* 386 U.S. 738 (1967) ...................................................6

*Bank of Nova Scotia v. United States,* 487 U.S. 250 (1988)...........................7

*Bordenkircher v. Hayes,* 434 U.S. 357 (1978) ...........................................10

*Brady v. United States,* 397 U.S. 742 (1970).............................................10

*Gideon v. Wainwright,* 372 U.S. 335 (1963) ..............................................19

*Harmelin v. Michigan,* 501 U.S. 957 (1991) ..............................................22

*Hutto v. Davis,* 454 U.S. 370 (1982) ..........................................................22

*Matthews v. United States,* 569 F.2d 941 (5th Cir. 1978),
  *cert. denied,* 439 U.S. 1046 (1979)........................................................10

*Jackson v. Virginia,* 443 U.S. 307 (1979)...................................................16

*Payne v. Tennessee*, 501 U.S. 808 (1991) ...................................................19

*Strickland v. Washington,* 466 U.S. 668 (1984) .....................................19, 20

*United States v. Angeles-Mendoza,* 407 F.3d 742 (5th Cir. 2005) .................6

*United States v. Bond,* 414 F.3d 542 (5th Cir. 2005)...................................15

*United States v. Booker,* 543 U.S. 220 (2005)..............................................6

*United States v. Bringier,* 405 F.3d 310 (5th Cir. 2005) .............................16

*United States v. Cathey*, 259 F.3d 365 (5th Cir. 2001)...............................22

*United States v. Clark,* 412 F.2d 885 (5th Cir. 1969) ....................................8

*United States v. Cronic*, 104 S. Ct. 2039 (1984) ........................................19

*United States v. Freeman,* 619 F.2d 1112 (5th Cir. 1981), *cert. denied*,
  450 U.S. 910 (1981).................................................................................8

*United States v. Green,* 365 U.S. 301 (1961) ..............................................19

*United States v. Halfacre,* 566 F.2d 534 (5th Cir. 1978).............................10

*United States v. Kim,* 884 F.2d 189 (5th Cir. 1989) ...................................16

*United States v. Mares,* 402 F.3d 511 (5th Cir. 2005), *cert. denied,*
  126 S. Ct. 43 (2005)................................................................................6

*United States v. Mechanik,* 475 U.S. 66 (1986)............................................7

*United States v. Melancon,* 972 F.2d 566 (5th Cir. 1992) ..........................15

*United States v. Mmahat,* 106 F.3d 89 (5th Cir.),
  *cert. denied,* 118 S. Ct. 200 (1997).......................................................16

*United States v. Munoz-Fabela,* 896 F.2d 908 (5th Cir. 1990) ...................16

*United States v. Nuckols,* 606 F.2d 566 (5th Cir. 1979) .............................10

*United States v. Palmer,* 456 F.3d 484 (5th Cir. 2006) ..............................15

*United States v. Portillo,* 18 F.3d 290 (5th Cir. 1994)................................................15

*United States v. Rodriguez-Mesa,* No. 04-41757 (5th Cir. Apr. 17, 2006) ...............7

*United States v. Solis-Garcia,* 420 F.3d 511 (5th Cir. 2005)....................................7

*United States v. Villanueva,* 408 F.3d 193, *cert. denied,* 126 S. Ct. 268 (2005) ........7

*United States v. Villegas,* 404 F.3d 355 (5th Cir. 2005) .............................................7

*United States. v. Rogers,* 960 F.2d 1501 (10th Cir. 1992).......................................22

*United States v. Zhou,* 428 F.3d 361 (2d Cir. 2005)................................................16

## ***Statutes***:

18 U.S.C. § 1349 (2017) .......................................................................................1, 7

18 U.S.C. § 3742 (2017) .........................................................................................1

28 U.S.C. § 1291 (2017) .........................................................................................1

## STATEMENT OF JURISDICTION

Counsel for Mr. LaQuaylan Patterson respectfully submits this Brief for the Appellant. This Court has jurisdiction over this appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and Rules 3 and 4 of the Federal Rules of Appellate Procedure.

This appeal is taken from the Eastern District of Texas, Texarkana Division, cause numbers 6:15-cr-40-1, and 6:16cr41-1, Hon. Ron Clark presiding, styled *United States v. LaQuaylan Patterson,* where Mr. Patterson was convicted and sentenced for two bank robberies and use of a weapon.

Notice of appeal was timely filed. ROA.17-40199.8, 191; ROA.17-40202.36. This appeal is from a final judgment of conviction that dispose of all charges. ROA.17-40199.195; ROA.17-40202.40.

## STATEMENT OF THE ISSUE

Should this Appeal Be Dismissed for Lack of Meritorious Issues Pursuant to *Anders v. California*?

## STATEMENT OF THE CASE

### A.    Course of Proceedings and Disposition in the Court Below

There are two indictments, consolidated at trial and appeal. Mr. Patterson pled guilty and was sentenced simultaneously to both. He waived his right to appeal in both.

In cause number 6:15cr40-1, Mr. Patterson, age 27, was indicted June 17, 2015 for a March 13, 2015 carjacking, bank robbery and weapon use in Big Sandy, Texas (north of Tyler), in violation of 18 U.S.C. § 2119(1), § 2113(a)&(d) and § 924(c). ROA.17-40199-11.

In cause number 6:16cr41-1, he was indicted for an earlier bank robbery of a credit union in Lancaster, Texas (DFW Metroplex), in violation of 18 U.S.C. § 2113(a). ROA.17-40202.6. The second case is a transferred indictment from the Northern District of Texas (cause number 3:16cr360-B-1). ROA.17-40202.5. The two cases are consolidated for this appeal. Both cases were identically managed, pled and sentenced.

Mr. Patterson was arrested August 27, 2015. His initial appearance on the first indictment was the next day. ROA.17-40199.326. He was detained. ROA.17-

40199.24, 336-37. His initial appearance on the second indictment was August 23, 2016, again detained. ROA.17-40202.100.

Mr. Patterson reached plea agreements in both cases, discussed below. ROA.17-40199.208; ROA.17-40202.48, *App. I, J*. He pled guilty to the two bank robbery and weapon counts. ROA.17-40199.349. The plea agreements waived his right to appeal, with certain exceptions that do not apply here.

Specifically, he plead guilty to counts 3 and 4 of the indictment in 6:15cr40. Count 3 charged bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(a) and (d). Count 4 charged possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). ROA.17-40199.353. (Counts 1 and 2 were carjacking with weapon charges. These were dismissed pursuant to the plea.)

He pled guilty to count 1 in the 6:16cr41-1 indictment (the Lancaster robbery). This indictment contained only one count.

At the sentencing hearing, Mr. Patterson objected to some minor aspects of his Pre-Sentence Report (PSR), which the court overruled, except for one minor aspect which had no impact on sentencing or the Guidelines. *See* ROA.17-40199.396-400, 409.

For both indictments and all plead counts, the court sentenced Mr. Patterson to 171 months incarceration. ROA.17-40199.195; ROA.17-40202.6. The 171-

3

month sentence is comprised of 87 months on counts 3 (bank robbery) in the first indictment and another 87 months on the second indictment (also bank robbery), to be served concurrently. On count 4 of the first indictment (use of a firearm), the court sentenced Patterson to 84 months, consecutively (stacked), for a total of 171 months. His incarceration will be followed by five years supervised release. The court ordered $36,622 restitution, comprised of money stolen in both robberies. ROA.17-40199.195; ROA.17-40202.6.

The court signed a final judgment of conviction disposing of all issues. ROA.17-40199.195; ROA.17-40202.6; *App. C, D*. The government dismissed the remaining counts. ROA.17-40199.436-37. Mr. Patterson filed timely notices of appeal. ROA.17-40199.191; ROA.17-40202.36; *App. E, F*.

### B.     *Statement of Facts*

The PSRs appear ROA.17-40199.246; ROA.17-40202.62. The PSRs explain that Mr. Patterson robbed a credit union in Lancaster, Texas (DFW Metroplex) August 8, 2014 with a pistol. He jumped the counters, seized $6,888 cash from the tellers into a bag and fled. Police quickly found the getaway car, stolen two days earlier, but which Patterson crashed during his flight. Mr. Patterson escaped. Astonishingly, however, Patterson ran to home of one of the credit union's board of directors. Patterson lied that his scratches, scrapes and sweating were the result of

falling while exercising. Patterson asked the director to drop him at a local fast food restaurant. Perhaps an hour later, the director learned of the robbery, connected Patterson and called police but Patterson had already left the restaurant.

Six months later, March 13, 2015, Patterson carjacked a woman's car in Tyler, Texas (two hours east of Dallas) with a pistol. Patterson drove the stolen car to a bank in Big Sandy, Texas (a small town forty-five minutes north of Tyler). He jumped the counters, seized cash from the teller drawers, and ran to the stolen car outside, drove a short distance to a carwash, abandoned the stolen car, and hopped in the awaiting BMW driven by his girlfriend and co-defendant, Chanel Collins. They fled. Bizarrely, two days later before dawn, Collins and man named Darreyel Greer drove to the Big Sandy police department (the same small town as the robbery) and falsely reported to officers that they had been kidnapped two days earlier during the Big Sandy bank robbery. Police arrested them. The duo identified Patterson as the robber. DNA connected him to both robberies.

## SUMMARY OF ARGUMENT

Mr. Patterson's counsel has examined the record and searched diligently for meritorious issues that might set aside his conviction or reduce his sentence. An analysis of his case is presented for the Court's review.

There is sufficient evidence to uphold the conviction. There is no compelling evidence that the PSR was incorrect or that the district court abused its discretion in adopting any of its findings. There are no meritorious issues for appeal. Accordingly, this is an *Anders v. California* brief, accompanied by a motion to withdraw.

## ARGUMENT

### Issue: Should this Appeal Be Dismissed for Lack of Meritorious Issues Pursuant to *Anders v. California*?

This brief is filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), which holds that appellate counsel has a duty to inform the Court of any potentially appealable issues. This brief will review each stage of Mr. Patterson's case.

**Standard of Review.** As the Court knows, the Supreme Court excised and struck down the statutory provisions that made the Sentencing Guidelines mandatory. *United States v. Booker,* 543 U.S. 220 (2005). The Fifth Circuit has discussed the post-*Booker* standard of review in several opinions. In the Circuit, "a district court is still required to calculate the guideline range and consider it advisory." *United States v. Angeles-Mendoza*, 407 F.3d 742, 746 (5th Cir. 2005) (*citing Booker,* 543 U.S. at 245-46, and *United States v. Mares,* 402 F.3d 511, 518-19 (5th Cir. 2005), *cert. denied,* 126 S. Ct. 43 (2005)). The Circuit "continue[s] to

6

review the district court's interpretation and application of the Guidelines *de novo* and its factual determinations for clear error." *United States v. Rodriguez-Mesa,* No. 04-41757 (5th Cir. Apr. 17, 2006) (*citing United States v. Solis-Garcia,* 420 F.3d 511, 513-14 (5th Cir. 2005)); *United States v. Villanueva*, 408 F.3d 193, 203 n. 9 (5th Cir. 2005) (noting that the Court continues to review factual findings with respect to the application of adjustments under the Guidelines for clear error), *cert. denied,* 126 S. Ct. 268 (2005); and *United States v. Villegas,* 404 F.3d 355, 359 (5th Cir. 2005) (concluding that the Court continues after *Booker* to review the district court's interpretation and application of the Guidelines *de novo*).

**1. Pre-Indictment/Grand Jury Proceedings.** These cases were filed by two indictments, charging Patterson with bank robbery, weapon, and carjacking. ROA.17-40199.11; ROA.17-40202.6. There is no indication of grand jury misconduct pursuant to Fed. R. Crim. P. 6. The grand juries appear to have met and considered Mr. Patterson's case and issued indictments. In any event, this issue was not raised or preserved for appeal under *United States v. Mechanik*, 475 U.S. 66 (1986); *see also Bank of Nova Scotia v. United States,* 487 U.S. 250 (1988).

**2. Sufficiency of Indictment**. Mr. Patterson's indictments contain all elements of the charges listed. *See* ROA.17-40199.11; ROA.17-40202.6; *App. G, H.*

The robbery and carjacking counts allege the required level of knowing and willful intent. *See ibid.*

The indictment is held to be sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted. *See United States v. Freeman,* 619 F.2d 1112 (5ᵗʰ Cir. 1981), *cert. denied*, 450 U.S. 910 (1981); *United States v. Clark,* 412 F.2d 885 (5ᵗʰ Cir. 1969). Mr. Patterson's indictments meet this standard. There were no objections to the indictments. No error is presented or preserved here. There is no plain error.

**3. Pretrial Motions**. The court entered an order relating to pretrial discovery and inspection in Mr. Patterson's case, as well as his defenses, objections, or requests of discovery. *See* ROA.17-40199.29, 34. The discovery order was well written and broad in scope. The purpose of the order was to eliminate disagreement over discovery and the need for either side to file boilerplate motions. There are no appealable issues arising from the court's order.

Mr. Patterson did not file pre-trial discovery motions. *See* ROA.17-40199.42 (Government's DNA motion). There is no indication in the record that certain pre-trial motions should have been filed but were not. Appellate counsel has not received any information from external sources suggesting that motions should have been

filed but were not. On this record, there are no motions that clearly should have been filed but were not.

**4. Preparation Time**. Mr. Patterson and his three attorneys had enough time to prepare for proceedings.

Mr. Patterson was arrested August 27, 2015 and made his initial appearance the next day. ROA.17-40199.326. He pled guilty a year later, August 23, 2016. ROA.17-40199.349. This is an unusually long delay, but was the result of a preparation continuance, and then DNA testing, then a dispute between Mr. Patterson and his court appointed counsel, then transition to the Public Defender, then transition to retained counsel who requested continuances. ROA.17-40199.53, 60, 63, 70, 73, 80, 84, 91, 100, 101, 104, 116, 139. Overall, Mr. Patterson had plenty of time to prepare.

Mr. Patterson was sentenced February 21, 2017, six months later. ROA.17-40199.369. This delay is rather long but typical of the delay between plea and sentencing for preparation of the PSR. Moreover, Mr. Patterson's attorney requested delay for personal and management issues. ROA.17-40199.183, 187. Neither Mr. Patterson nor his lawyer complained of the delay. (Mr. Patterson complained of lack of communication with his lawyers, discussed below.) Mr. Patterson was not harmed by the sentencing delay. There is no appealable error.

**5. Voluntariness.** There was no showing that Mr. Patterson's guilty plea was induced by threats, unfulfilled promises, promises of a lenient sentence, or the threat of more serious charges, beyond facing trial on the pending three-count indictment. *See Brady v. United States,* 397 U.S. 742 (1970), *United States v. Nuckols,* 606 F.2d 566 (5th Cir. 1979), *United States v. Halfacre,* 566 F.2d 534 (5th Cir. 1978), *Matthews v. United States,* 569 F.2d 941 (5th Cir. 1978), *cert. denied,* 439 U.S. 1046 (1979), and *Bordenkircher v. Hayes,* 434 U.S. 357 (1978).

Mr. Patterson's guilty pleas in both cases were taken taken by the Magistrate August 23, 2016, to which he consented with advice of his attorney. ROA.17-40199.157; ROA.17-40202.14. The pleas were taken the same day by the same Magistrate with same counsel and with Mr. Patterson, but the plea was taken first in 6:15cr41-1 (the Lancaster robbery), completed, and then the Magistrate repeated the process for 6:15cr40-1 (the Big Sandy robbery). Counsel has obtained the transcript of the plea in 6:15cr40-1 (the Big Sandy robbery), but not the transcript of the plea in 6:15cr41-1 (the Lancaster robbery). Counsel requested the second transcript but did not receive it. Counsel assumes the first plea colloquy was similar to the second.

The judge took his plea carefully, asking questions of Patterson and explaining the procedures to which he would be subject. The hearing was not rushed. Patterson was likely sworn in the first plea hearing. In the 6:15cr40 case he

10

was not warned of perjury prosecution for false answers, but presumably he was in the first hearing. The Magistrate explained Patterson's panoply of rights. The Magistrate appears to have satisfied the requirements of Federal Rule of Criminal Procedure 11, which lists the matters required to advise a defendant when taking his guilty plea. There does not appear to be any material issue not explained to Patterson that might render his guilty plea involuntary. Consequently, there is nothing in the record suggesting Patterson's plea was involuntary or ill informed. Mr. Patterson signed and admitted to the factual resume detailing his crimes. ROA.17-40199.161; ROA.17-40202.15. The District Court properly adopted the Magistrate's report and recommendation in each case. ROA.17-40199.164, 173; ROA.17-40202.22, 26.

### 6. Competency, Understanding the Charged Crime.

The court verified Mr. Patterson was competent to make decisions. ROA.17-40199.352, 362, 366. His attorney verified no mental impairment. ROA.17-40199.352. Mr. Patterson was satisfied with counsel. ROA.17-40199.352. The attorney reviewed indictment and facts of case with Mr. Patterson. ROA.17-40199.352. At his plea hearing, Mr. Patterson signed and verified a factual resume containing details of the bank robbery, aiding and abetting and use of a weapon. ROA.17-40199.161. He was fully informed of the elements and factual bases of the

crimes. The record therefore indicates Mr. Patterson was legally competent to stand trial.

**7. The Plea Agreement.** There are two plea agreements, one for each indictment. Both are correctly written and signed. ROA.17-40199.208; ROA.17-40202.48, *App. I, J.* There is no basis for challenging the plea agreements.

The agreements correctly identify the parties. Mr. Patterson agreed to plead guilty to the indictments. The agreements accurately explained the sentencing range. The agreements correctly explain that his sentence would be determined by the U.S. Sentencing Guidelines and the court's discretion.

In cause 6:15cr40, the agreement stipulated to a base offense level of 20, plus two more levels under section 2B3.1(b)(1) (robbery of a bank), plus another five levels under section 2B3.1(b)(2)(C) (for the pistol), plus another two levels under section 2B3.1(b)(5) (for the carjacking), one level under section 2B3.1(b)(7)(B) (because the money stolen was more than $20,000), plus two levels for 3B1.4 (consolidation as a group of both bank robberies and the carjacking), but allowed three level reduction for acceptance of responsibility. The agreement stipulated that these adjustments computed to a minimum sentence of 84 months on count 4 (the bank robbery and weapon) (which is what Patterson received). The plea agreement also stipulated to forfeiture of the bank money stolen and recovered, $29,734. The

plea agreement also contained a local rule permitted *Addendum* containing a sealed addendum addressing and waiving the civil forfeiture action. ROA.17-40199.208; ROA.17-40202.48, *App. I, J.*

The second agreement in cause 6:16cr41 is nearly identical. Mr. Patterson agreed to plead to count 1 (bank robbery in Lancaster). The base offense level would be 20, increased two levels (because a bank was robbed), another five levels (for the weapon), and reduced three levels for acceptance of responsibility. It likewise stipulated to forfeiture of the bank money stolen, $6,888. The plea agreement also contained a local rule permitted *Addendum* containing a sealed addendum addressing and waiving the civil forfeiture action. ROA.17-40199.208; ROA.17-40202.48, *App. I, J.*

Both agreements warned Mr. Patterson that by accepting the agreements and pleading guilty he waived constitutional rights, including a jury trial, and that his appeal rights would be sharply curtailed. Tr. at 7-8.

Mr. Patterson agreed to forfeiture of proceeds of both robberies. ROA.17-40199.166, 178. The court enforced the forfeiture precisely as agreed. ROA.17-40199.171, 193.

Therefore, there was adequate contractual consideration for the plea agreements. The agreements were signed by the AUSA, Mr. Patterson and his attorney. The agreements comply with Rule 11.

These agreements was signed after the Supreme Court decided *United States v. Booker,* which, as the Court knows, held that the Sentencing Guidelines could not bind the sentencing discretion afforded federal judges, but could be used to provide non-binding guidance. The plea agreements acknowledged that Mr. Patterson's sentence was in the province of the court, which was not bound by the plea agreements.

The plea agreements contained the following waiver of appellate rights:

12. Waiver of Right to Appeal or Otherwise Challenge Sentence: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendants also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

ROA.17-40199.208; ROA.17-40202.48, *App. I, J.*

In this waiver, with two exceptions, Mr. Patterson agreed to waive challenges to his conviction and sentence. He may not file a 2255 motion. Appeal waivers such

14

From: "Noble, James (USATXE)" <James.Noble@usdoj.gov>
Subject: Re: LaQuaylan Patterson v. U.S.
Date: October 5, 2018 11:31:20 AM CDT
To: James Volberding <jamesvolberding@gmail.com>

as this are enforceable. A defendant may waive his statutory right to appeal provided: (1) his waiver is knowing and voluntary, and (2) the waiver is plainly worded and applies to the matters on which the defendant seeks to appeal. *See United States v. Bond,* 414 F.3d 542, 544 (5th Cir. 2005) (dismissing appeal of sentence as barred by waiver); *United States v. Portillo,* 18 F.3d 290, 291 (5th Cir. 1994); *United States v. Melancon,* 972 F.2d 566, 567 (5th Cir. 1992); *accord United States v. Palmer,* 456 F.3d 484 (5th Cir. 2006) (finding waiver of appeal of sentence but not conviction).

The government wishes to enforce the waiver of appeal agreement:

On Sep 25, 2018, at 11:07 AM, Noble, James (USATXE) wrote:

Hey James. I'm traveling today. Back tomorrow. We do wish to enforce our agreement with Mr Patterson. I have no objection to your Andres brief or a Motion to withdraw.

Sent from my iPhone

On Sep 25, 2018, at 8:29 AM, James Volberding <jamesvolberding@gmail.com<mailto:jamesvolberding@gmail.com> <mailto:jamesvolberding@gmail.com>> wrote:

Jim,

Good morning. Would you please send your letter stating that the Government wishes to enforce its plea agreement against Mr. Patterson? I'm writing the Anders brief. Do you object to an Anders brief and my motion to withdraw?

Thanks,
Wes

James W. Volberding, CPA
Volberding Law Firm

In light of the validity of that agreement and *Bond,* there are no issues that may be presented, even if meritorious ones existed.

## 8.     Sufficiency of the Evidence.

Mr. Patterson signed a factual resume replete with details that satisfy the elements of the charged crime. ROA.17-40199.161; ROA.17-40202.15. The PSR abstracts the offense reports. ROA.17-40199.246; ROA.17-40202.62; PSR paras. 6-25. He admitted the statements contained in the factual resume were true. ROA.17-40199.161; ROA.17-40202.15.

Criminal convictions are supported by sufficient evidence "if a reasonable trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Mmahat,* 106 F.3d 89, 97 (5th Cir.), *cert. denied,* 118 S. Ct. 200 (1997). The evidence is sufficient if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt based upon the evidence presented at trial. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Kim,* 884 F.2d 189, 192 (5th Cir. 1989).

Here, Mr. Patterson was told the elements of the offense. The factual resumes and his admissions satisfy the elements of the offenses. *See generally United States v. Bringier,* 405 F.3d 310 (5th Cir. 2005); *United States v. Solis,* 299 F.3d 420 (5th Cir. 2002) (both cases generally dealing with sufficiency of drug conspiracy amounts). The proof provided to which Mr. Patterson agreed is sufficient because he

could have been convicted of the offense at jury trial. *See United States v. Zhou,* 428 F.3d 361, 378 n.15 (2d Cir. 2005); *United States v. Munoz-Fabela,* 896 F.2d 908, 910 (5th Cir. 1990).

### 9.    Review of the PSR and Criminal History Calculations.

Counsel has been unable to identify any meritorious basis for challenging the PSR and the Sentencing Guideline computations. The Probation Office prepared, in accordance with the November 1, 2016 version of the United States Sentencing Guidelines, a consolidated PSR pertaining to Mr. Patterson. *See* Revised PSR at Addendum page i; ROA.17-40199.246; ROA.17-40202.62. This was the correct version to apply.

For count 3 (second bank robbery), the PSR assigned Mr. Patterson an adjusted offense level of 25, tracking the plea agreement. ROA.17-40199.246; ROA.17-40202.62; PSR paras. 31-38.

For count 1 (first bank robbery in Lancaster), the PSR assigned an adjusted offense level of 27, again tracking the plea agreement. ROA.17-40199.246; ROA.17-40202.62; PSR paras. 39-45.

Using the higher 27 level, the PSR added 2 levels, then deducted 3 levels for acceptance, yielding level 26. ROA.17-40199.246; ROA.17-40202.62; PSR paras. 48-53.

The weapon offense (count 4) stacked another 7 years (84 months). ROA.17-40199.246; ROA.17-40202.62; PSR para. 54.

Mr. Patterson scored a criminal history score of 3, placing him in criminal history category II. These computations are correct. ROA.17-40199.246; ROA.17-40202.62; PSR paras. 60-61.

Consequently an offense level of 26 combined with criminal history category II yielded a sentencing range of 70 to 87 months, plus the stacked 84 months, for a total of 171 months. ROA.17-40199.246; ROA.17-40202.62; PSR paras. 85-88. This is precisely what the plea agreement required and the court sentenced. There are no errors in the PSR and no bases for appeal. His fate could have been worse. Had he proceeded to trial he would have received ten years on the robberies and carjacking (Counts 1 and 3 in No. 6:15CR40, along with Count 1 in No. 6:16CR41), plus up to 32 stacked years on the gun counts (counts 2 and 4), a total of 42 years. *See* ROA.17-40199.246; ROA.17-40202.62; PSR paras. 89-91. With the plea agreement, however, at age 27, he will likely be released in 12 to 14 years, a good result given his circumstances and conduct.

### 10.   Rights at Hearing; Allocution and Right to Appeal.

At Mr. Patterson's sentencing hearing, his rights were respected pursuant to Federal Rule of Criminal Procedure 32. He consented to video sentencing with

advice of counsel. ROA.17-40199.190. The court granted him the right to address the court. In fact, he spoke for longer than most defendants, yet the trial judge patiently listened. Consequently, Mr. Patterson was not denied his right to allocution. *United States v. Green,* 365 U.S. 301 (1961). The court informed him of the conditions under which he could appeal his conviction and sentence, and of course he has. As such, there are no appealable issues here.

### 10.    Victim Impact Testimony.

The victim of Mr. Patterson's carjacking testified at sentencing. She described how Mr. Patterson wrecked her life. ROA.17-40199.404-06. Victim impact testimony in sentencing is admissible. *Payne v. Tennessee*, 501 U.S. 808 (1991).

### 11.    Competency of Trial Counsel.

A criminal defendant is entitled to the effective assistance of counsel under the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335 (1963). Effective assistance of counsel that will withstand constitutional scrutiny is counsel "reasonably likely to render and rendering reasonably effective assistance." *Strickland v. Washington,* 466 U.S. 668, 688 (1984). Counsel's conduct violates the Sixth Amendment if it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Research and preparation for presenting

19

such a claim begins with the proposition that trial counsel's role is to "assure that the adversarial testing process works to procure a just result under the standards governing decisions." *Strickland v. Washington,* 104 S. Ct. 2052, 2064 (1984). The constitutional right is violated when "counsel's performance as a whole," *United States v. Cronic*, 104 S. Ct. 2039, 2046 n.20 (1984), or through individual errors, *Strickland*, 104 S. Ct. at 2064, falls below an objective standard of reasonableness; or if prejudice is shown such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Mr. Patterson complained of his court appointed counsel, who withdrew. Mr. Patterson retained counsel. The retained defense counsel appears to have represented Mr. Patterson well under difficult circumstances. Clearly, given the charges and evidence, it was in Mr. Patterson's interest for his attorneys to reach a plea agreement quickly. The record does not reveal ineffective assistance. As indicated, the record shows attorneys who filed appropriate motions, addressed Mr. Patterson's concerns, evaluated defenses, and negotiated and protected a reasonable sentence in the face of serious charges. The attorneys argued logically and clearly their client's position and perspective with poise and knowledge, and assured he was treated fairly under the rules.

20

The two attorneys, Mr. Omar Nawaz and his law partner, Mr. Michael Levine, filed two motions for continuances, neither long, to address medical problems of Mr. Nawaz. ROA.17-40199.104, 116, 139, 148. Mr. Nawaz underwent cancer treatment during the proceedings and is legally blind. Nevertheless, Mr. Levine helped Mr. Nawaz with required pleadings and appearances. There is no indication that these circumstances impaired Mr. Patterson's defense or outcome.

At sentencing, the attorneys suffered an embarrassing moment, having failed to calendar and attend the sentencing hearing. They rushed to Tyler, arriving late in the afternoon. There is no indication their client was harmed. (Judge Clark was in Beaumont and appeared by video to the attorneys in the Tyler courtroom.)

Mr. Patterson complained about intermittent and incomplete communication with his attorneys in the six month since his plea. After discussion, it became clear that the attorneys communicated amply with Mr. Patterson, including discussion by phone about his PSR. The court took a break during the hearing and sent the attorneys and Mr. Patterson to a room to discuss the PSR.

The attorneys did not file objections to the PSR. After their private meeting with Mr. Patterson, they still had no objections. Mr. Patterson and his attorneys disagreed on the nature of the evidence, not legal issues or Guideline computations. Mr. Patterson argued that the Government lacked proof identifying him as the robber

in both cases. He attacked the credibility of his co-defendant, Chanel Collins. He contended that the DNA evidence was inconclusive. The court, however, quizzed the probation officer who wrote the PSR and concluded that her sources were reliable. For the DNA testing, the court set that information aside as unnecessary for sentencing. *See* ROA.17-40199.396-400, 409.

In sum, there is no indication of ineffective assistance of counsel. To the contrary, the attorneys managed their client to a plea and sentencing that reduced his years in prison. Any contention the attorneys fell short of professional standards will have to await a 2255 motion when Mr. Patterson and the attorneys can create a habeas record for evaluation by this Court.

**12.    Constitutional Issues**. There are no constitutional issues at stake. There was no suppression hearing. There is no indication that Mr. Patterson gave a statement obtained illegally or that he was searched illegally. There does not appear to have been any evidence withheld from Mr. Patterson. Nothing has come to light suggesting that the Government withheld mitigating or exculpatory evidence. Mr. Patterson has not identified privately any withheld evidence. There is no basis on which to challenge the constitutionality of his indictments or the statutes underlying his conviction.

**13.   Disproportionate Sentencing**. Sometimes a sentence can be so excessive for a given offense that it violates the Eighth Amendment. There is no indication that Mr. Patterson's sentence violated the Eighth Amendment. He was convicted of serious crimes. His sentence is not unreasonable. *See, e.g., Harmelin v. Michigan,* 501 U.S. 957, 961 & n. 1, 996 (1991) (sentenced to life for own possession of 672 grams of cocaine); *Hutto v. Davis,* 454 U.S. 370, 371-72 (1982) (Hutto received 40 years for distributing nine ounces of marihuana without violating 8th Amendment); *United States v. Cathey,* 259 F.3d 365 (5th Cir. 2001); *United States. v. Rogers*, 960 F.2d 1501 (10th Cir. 1992) (rejecting tax fraud conspiracy excessive sentence claim).

## Conclusion

A careful review of the record therefore indicates there are no meritorious issues for appeal and that an *Anders* brief is appropriate. Counsel has filed a motion to withdraw from this appeal. If the Court determines, however, that a meritorious issue exists on which briefing is required, then Counsel asks to <u>remain</u> on the appeal. He is perfectly capable of briefing any issue desired by the Court.

Respectfully submitted this 6 day of December 2018.

BY: /s/ James W. Volberding
**JAMES W. VOLBERDING**
SBN: 00786313

23

110 N. College Avenue
Suite 1850
Tyler, TX 75702
(903) 597-6622
(888) 698-6883 (Fax)
*e-mail: jamesvolberding@gmail.com*

Appointed Attorney for the
Appellant, Mr. Patterson

## CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2018, a true and correct copy of this pleading was sent to Mr. Noble through the electronic filing system. On December 18, 2018 I mailed via First-Class Mail with sufficient postage, this brief, the record excerpts and the motion to withdraw to Mr. Patterson.

Mr. James M. Noble, IV
Asst. U.S. Attorney
110 N. College Avenue
Suite 700
Tyler, TX 75702

Mr. LaQuaylan Patterson
Inmate No. 23390078
FCI Beaumont Low
Federal Correctional Institution
P.O. Box 26020
Beaumont, TX, 77720

I confirm that I made a reasonable attempt to communicate, in a manner and

language understood by Mr. Patterson: (i) that I fully examined the record and

reviewed relevant law, and there are no meritorious issues for appeal; (ii) that I have

moved to withdraw, (iii) if granted, the motion will result in the dismissal of the appeal; but (iv) Mr. Patterson has the right to file a response opposing my motion within 30 days, in English.

/s/ James W. Volberding
**JAMES W. VOLBERDING**

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7( c ), the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1.      Exclusive of the exempted portions in 5th Cir. R. 32.2.7(b)(3), the brief contains 4,677 words, as measured from the Statement of Jurisdiction on page 1, through and including the Conclusion on page 24.

2.      The brief has been prepared in proportionally spaced typeface using Word for Apple Mac in Times New Roman in 14 font size, printed using printer software associated with my copier-printer.

3.      If the court so requests, the undersigned will provide an electronic version of the brief and/or a copy of the word or line printout.

4.      The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R.

32.2.7, may result in the court's striking the brief and imposing sanctions against the person signing the brief.

/s/ James W. Volberding
JAMES W. VOLBERDING